UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL S. MCCONKIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 04-91-B-W |
| | ) | |
| SCOTT NICHOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE**
**RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on March 29, 2005 her Recommended Decision (Docket # 38). The Plaintiff filed his objections (Docket # 41) to the Recommended Decision on April 19, 2005, and the Defendant filed his response (Docket # 42) to those objections on May 6, 2005. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.[1]

---

[1] In her Recommended Decision, Magistrate Judge Kravchuk distinguished between a substantive due process claim for improper police interrogation and a Fifth Amendment claim for improper use at trial of statements made during the interrogation. She wrote, "[i]f there is any case that would satisfy a court that an actionable Fifth Amendment claim can be asserted based on a coerced confession it is McConkie's." *Am. Decision Recommending Dismissal of 42 U.S.C. § 1983 Action* (Docket # 38) at 8. However, Mr. McConkie has not pleaded a Fifth Amendment claim, presumably for good reason. *See id.* at 9 n.6.

    Mr. McConkie objects to the Recommended Decision claiming that he brought a substantive due process claim relating only to the coercive manner of the interrogation, not to the use of the statements at trial. *Pl.'s Objection to the Magistrate Judge's Am. Recommended Decision* (Docket # 41) at 3. This argument tries to make too fine a point. *Chavez v. Martinez*, 538 U.S. 760 (2003), explained that a Fourteenth Amendment analysis would be proper, if the coerced statements were never admitted at trial, since the Fifth Amendment attaches to compelled testimony in criminal cases. *Id.* at 766-67, 773.

    If there is to be a case where a Fourteenth Amendment claim is generated from coercive police interrogation, even though the statements are later improperly admitted at a criminal trial, this case is not it. The

1.  It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge is hereby <u>AFFIRMED</u>.

2.  It is further <u>ORDERED</u> that Defendant's Motion to Dismiss is <u>GRANTED</u>.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2005

---

Amended Complaint (Docket # 3) alleges that "[a]s a direct result of defendant Nichols' violation of plaintiff's due process rights, plaintiff was incarcerated by the State of Maine for at least 525 days." *Am. Compl.* at ¶ 11. But, this harm resulted directly from the use at trial of the interrogation, not the interrogation itself. There is no other allegation in the Amended Complaint that sets forth what harm Mr. McConkie suffered as a consequence of the interrogation alone, not related to his conviction. Mr. McConkie makes no allegation that Detective Nichols physically or mentally harmed him during the interrogation. Instead, he alleges the Detective improperly euchred him into confessing by false assurances. However, the gravamen of Mr. McConkie's Amended Complaint has been, and must be, not that he was improperly interrogated, but that he was improperly charged, tried, convicted, and as a consequence spent 525 days in prison.